UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GIZMODO MEDIA GROUP, LLC  \*
114 Fifth Avenue  \*
2nd Floor  \*
New York, NY  10011,  \*
 \*
    Plaintiff,  \*
 \*
    v.  \*  Civil Action No. 1:17-cv-03566
 \*
DEPARTMENT OF JUSTICE  \*
950 Pennsylvania Avenue, NW  \*
Washington, DC  20530,  \*
 \*
    Defendant.  \*
 \*
\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT

Plaintiff Gizmodo Media Group, LLC brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Gizmodo Media Group, LLC ("Gizmodo") is a business headquartered in New York, NY.  Gizmodo is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Gizmodo which are the subject of this action.

5. The National Security Division ("NSD") and Office of Information Policy ("OIP") are DOJ components.

## BACKGROUND

6. On 7 November 2016, *Heat Street* published an article alleging that the Federal Bureau of Investigation had applied for a Foreign Intelligence Surveillance Act ("FISA") warrant in June 2016 to conduct electronic surveillance of properties owned by Donald Trump or his companies to investigate ties to foreign banks SVB Bank and Alfa Bank, but that the warrant request was denied by the Foreign Intelligence Surveillance Court ("FISA Court").  This same article stated that the FISA Court granted a more narrowly drawn FISA warrant application in October 2016.

7. On 11 and 12 January 2017, the *Guardian* and the BBC, respectively, separately reported purportedly independently-sourced stories corroborating these allegations.  On 18 January 2017, *McClatchy* reported that a source had confirmed the report that a FISA warrant application was approved in October 2016.

8. On 3 March 2017, *Breitbart News* reported about the June and October 2016 FISA warrant applications, citing the *Heat Street* article for both allegations.

9. On 4 March 2017, President Trump officially and publicly verified the existence and nature of the June and October 2016 FISA warrant applications in a series of three tweets from his @realdonaldtrump Twitter account:

- "Terrible!  Just found out that Obama had my 'wires tapped' in Trump Tower just before the victory.  Nothing found.  This is McCarthyism!"

- "Is it legal for a sitting President to be 'wire tapping' a race for president prior to an election?  Turned down by court earlier.  A NEW LOW!"

- "I'd bet a good lawyer could make a great case out of the fact that President Obama was tapping my phones in October, just prior to Election!"

10. The NSD Operations Section is responsible for preparing and filing all FISA warrant applications with the FISA Court.

## CAUSE OF ACTION

## (RECORDS DENIAL – 17-143)

11. Gizmodo repeats and realleges the allegations contained in all paragraphs set forth above.

12. On 6 April 2017, Gizmodo submitted to NSD the following FOIA request through its undersigned counsel: "On 4 March 2017, President Donald Trump publicly disclosed on Twitter that he and/or his associates had been a target of electronic surveillance during the 2016 Presidential campaign. . . . Accordingly, on behalf of my client Gizmodo Media Group, I request all information provided to or received from the FISA Court pertaining to requests made in 2016 for one or more warrants to conduct electronic surveillance on Mr. Trump, any of his associates, any of his properties, and/or any foreign entities (including, but not limited to, SVB

Bank and Alfa Bank) with whom he or his associates were alleged to be in communication." Gizmodo requested a public interest fee waiver and expedited processing of its request.

14. This request added, "[President Trump] specifically referred to a previous warrant request which had been denied, which appears to be the request for a FISA warrant applied for and denied in June 2016 described the previous day at http://www.breitbart.com/big-government/2017/03/03/mark-levin-obama-used-police-state-tactics-undermine-trump/. Therefore, for the purposes of FOIA, he has both: 1) officially confirmed the previously published reports that a FISA warrant was applied for and denied in June 2016 and again applied for (more narrowly) and granted in October 2016; and 2) officially disclosed the existence and nature of those warrant applications and orders."

14. On 14 April 2017, NSD acknowledged receipt of this request and assigned it Req. No. 17-143. NSD refused to confirm or deny the existence or nonexistence of responsive records ("*Glomar* response"). NSD did not make a determination regarding Gizmodo's fee waiver or expedited processing requests.

15. The same day, Gizmodo appealed this determination to OIP, stating, "We provided ample justification for a finding that the President officially disclosed the existence of these records in the request letter, and so a *Glomar* response is entirely inappropriate here." OIP acknowledged receipt of this appeal and assigned it Appeal No. DOJ-AP-2017-003542.

16. On 18 April 2017, OIP affirmed NSD's determination.

17. Gizmodo has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ of said right.

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gizmodo Media Group prays that this Court:

(1) Order the Department of Justice to release all requested records to it;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date: May 12, 2017

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
S.D.N.Y. Bar #KM1958
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*