U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 26, 2019

<u>By ECF</u>

Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Gizmodo Media Group, LLC v. DOJ*, 17 Civ. 3566 (DLC)

Dear Judge Cote:

    This Office represents defendant United States Department of Justice ("DOJ") in the above-referenced matter, which was brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). We write to notify the Court that on March 22, 2019, the United States District Court for the Northern District of California issued a decision in *Poulsen v. Department of Defense*, Case No. 17-cv-03531-WHO, 2019 U.S. Dist. LEXIS 48279 (N.D. Cal. Mar. 22, 2019), one of the previously identified related FOIA cases in which the plaintiff was seeking records similar to those sought by plaintiff Gizmodo Media Group ("Plaintiff") in this case. *See* Dkt. No. 40 at 3; Dkt. No. 42 at 3-5; Dkt. Nos. 43, 44, 50, 52.

    Judge William H. Orrick granted the motions for summary judgment filed on behalf of various government agencies and components, including DOJ's National Security Division ("NSD"), the same DOJ component that responded to Plaintiff's FOIA request here. Among other things, the court concluded that "[a]fter reviewing the government agencies' justifications for their continued assertion of *Glomar* in the publicly filed declarations from each agency and two classified submissions, I find that the government has demonstrated substantial grounds to maintain the *Glomar* responses to everything except the documents necessarily covered by the limited public acknowledgement of the electronic surveillance of Carter Page." *Poulsen*, 2019 U.S. Dist. LEXIS at *1-2; *see id.* at *29-31 (describing the declarations submitted by NSD officials).

    The *Poulsen* court specifically addressed the defendant agencies' respective *Glomar* responses, *see id.* at *40 (describing the scope of NSD's *Glomar* assertion), and held that "the President's very general tweets and comments do not disclose the existence of the specific documents sought in Poulsen's Requests," *id.* at *43. Further, the court found that "[t]here is no disclosure establishing that any of the specific documents sought by Poulsen *exists*, much less a match between the disclosures and the specific electronic surveillance information sought by Poulsen." *Id.* (emphasis in original). In addition, the court concluded that the agencies' *Glomar* responses "are not undermined by the Carter Page FISA disclosures. Simply because there was some very limited disclosure and acknowledgement of the use of electronic surveillance on one target – that was responsive to Poulsen's FOIA Requests – does not mean a *Glomar* response is

unavailable to the agencies as to *other* undisclosed forms of electronic surveillance and undisclosed targets of electronic surveillance." *Id.* at *46 (emphasis in original).

    We thank the Court for its consideration of this matter.

               Respectfully submitted,

               GEOFFREY S. BERMAN
               United States Attorney for the
               Southern District of New York

By: */s/ Andrew E. Krause*
    ANDREW E. KRAUSE
    Assistant United States Attorney
    Telephone: 212-637-2769
    Facsimile: 212-637-2786
    E-mail: andrew.krause@usdoj.gov

cc: All counsel of record via ECF